**FILED**

JAN 03 2011

DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHARLES WHITE, on behalf of himself             PLAINTIFF
and others similarly situated

No.: 4:11cv007-P-S

v.                                       JURY DEMANDED

NTC TRANSPORTATION, INC.,
and JACKIE NETTERVILLE and
EVELYN NETTERVILLE, individually,               DEFENDANTS

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Charles White ("Plaintiff"), on behalf of himself and others similarly situated, and brings this action against NTC Transportation, Inc., Jackie Netterville and Evelyn Netterville, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime and minimum wage compensation.

**PARTIES**

1. Plaintiff, Charles White ("Plaintiff"), is a resident of Pike County, Mississippi and is a former employee of Defendants. Plaintiff performed work for Defendants in the state of Mississippi.

2. Defendant NTC Transportation ("NTC") is a transportation company that provides various services including but not limited to, non-emergency passenger transportation, shuttle service, and package delivery. NTC's principal place of business is in Greenville, Mississippi.

3. Defendant Jackie Netterville is an adult resident citizen of Washington County, Mississippi, who owns and operates NTC Transportation, Inc. and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business. By virtue

of having regularly exercised that authority on behalf of NTC Transportation, Inc., Mr. Netterville is an employer as defined by 29 U.S.C. § 201 *et. seq.*

4. Defendant Evelyn Netterville is an adult resident citizen of Washington County, Mississippi, who owns and operates NTC Transportation, Inc. and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for her employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised that authority on behalf of NTC Transportation, Inc., Ms. Netterville is an employer as defined by 29 U.S.C. § 201 *et. seq.*

5. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated, hourly paid employee who worked for Defendants at any time within the past three (3) years.

6. Based upon information and belief, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendants had an annual business dollar volume of at least $500,000.00.

7. Defendants are engaged in interstate commerce and were so engaged during Plaintiff's employment with Defendants.

8. Defendants have two or more employees of the enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

9. Plaintiff and those similarly situated to him were individually covered by the FLSA as they utilized the instrumentalities of commerce.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1337 and the FLSA. This Court has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## FACTS

12. Plaintiff was employed by Defendants from June 2010 through September 7, 2010 as a non-emergency medical transport driver.

13. As an employee of Defendants, Plaintiff drove a passenger van owned and/or operated by Defendants.

14. Plaintiff's duties as an employee of Defendants included transporting passengers from their homes to various hospitals, medical clinics and doctor's offices, and back to their homes.

15. At all relevant times, Defendants (1) failed to pay Plaintiff and other similarly situated employees at least the minimum wage for each hour worked, and (2) failed to pay Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years. As such, Defendants failed to comply with 29 U.S.C. §§ 201-209.

16. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession, custody, or control of Defendants.

17. The burden of proof regarding the precise number of hours worked by Plaintiff and those similarly situated belongs to Defendants.

## COUNT ONE
## FAILURE TO PAY MINIMUM WAGE

18. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

19. Plaintiff and other similarly situated employees were not paid at least the minimum wage for each hour worked while employed by Defendants.

20. Plaintiff and other similarly situated employees are entitled to be paid at least the minimum wage for each hour that they worked throughout their employment with Defendants.

21. Plaintiff and other similarly situated employees expressly demanded proper compensation for hours worked, but they remain uncompensated or under compensated for same.

22. Defendants willfully, intentionally, and/or recklessly failed to pay Plaintiff and other similarly situated employees at least the minimum wage for each hour of service rendered to Defendants during one or more weeks of their employment, in violation of the FLSA.

## COUNT TWO
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

24. During their employment with Defendants, Plaintiff and other similarly situated employees worked more than forty (40) hours in one or more workweeks while employed by Defendants.

25. Defendants failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

26. Upon information and belief, Defendants' failure to properly compensate Plaintiff and other similarly situated employees for their overtime hours worked was willful and/or reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

27. As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiff and other similarly situated employees at the minimum wage for all hours worked and at time and one half compensation for hours worked over forty (40) in a workweek, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

28. As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to back wages and liquidated damages from Defendants for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years and for all hours worked below the applicable minimum wage.

29. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees demand as follows:

- a) payment of their overtime wages and/or minimum wages, where applicable, at the correct rate pursuant to 29 U.S.C. § 207;

- b) an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

- c) declaratory relief pursuant to the DJA and FLSA finding that all hours worked should be paid at an amount at least equal to the applicable minimum wage and that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA;

- d) pre-judgment and post-judgment interest where applicable;

- e) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

- f) all other relief that the Court deems just and proper.

Respectfully submitted,

MORGAN & MORGAN, PA

By: *[signature]*

Justin M. Ross #99832
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 333-1844
Fax: (901) 333-1897
Email: jross@forthepeople.com

Submitted this 29th day of December 2010.