IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CHARLES WHITE                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO.: 4:11cv7-SA-JMV

NTC TRANSPORTATION, INC., ET AL.                                 DEFENDANTS

ORDER

This matter is before the court on motion of the defendant, NTC Transportation Inc., to compel discovery (# 108). The court has examined the defendant's motion and the discovery responses attached to the motion. However, because defense counsel did not follow the local rule, the court is unable to grant the present motion. Local Rule 37(a) provides, among other things, that "[b]efore service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." Counsel shall then file along with its motion a Good Faith Certificate bearing the signature or endorsement of "all counsel." Because the certificate must be signed by all counsel, the procedure often alerts the allegedly derelict party that this is a matter of some seriousness. It also demands that the parties confer with more than simply a letter and nothing else. Additionally, the Uniform Local Rule 37(b) requires movant to quote verbatim each discovery request to which the motion is addressed or state the objections, grounds and reasons in immediate succession to the quoted discovery request.

The court would note that denial of the present motion is in no way intended as a position on the merits of the motion. Should defense counsel attempt to confer in good faith and receive what it believes unsatisfactory responses, and if the federal and local rules are followed, the court will consider the matter at that time and will likely set the matter for a telephonic hearing.

Plaintiff's counsel should likewise be familiar with the rules related to discovery motions, including Rule 37(b)(2)(C), which provides for payment of expenses should defense counsel be forced to file a second motion and the court find the answers to the propounded discovery inadequate.

IT IS THEREFORE ORDERED that the defendant's motion to compel discovery responses (# 108) is hereby DENIED.

SO ORDERED, this the 30th day of May 2013.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE